NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WEAVER,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY SULLIVAN, et al.,<br><br>Defendants. | Civil Action No. 25-00037 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, ("IFP," ECF No. 1-2), filed by *pro se* Plaintiff Michael Weaver ("Plaintiff"), along with a Complaint, ("Compl.," ECF No. 1). For the reasons set forth below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, and **DISMISSES** the Complaint without prejudice.

I.     **BACKGROUND**

Plaintiff is currently incarcerated at Warren County Correctional Center. (IFP at 4.) He filed a ten-page Complaint against Officers Jeffrey Sullivan and Nicolis Marino (together, "Defendants") of the Phillipsburg Police Department seeking damages and the "return of missing property" in connection with an alleged deprivation of rights in violation of 42 U.S.C. § 1983. (Compl. at 2–3, 5.) More specifically, Plaintiff alleges that Officer Sullivan purportedly "made false claims that [Plaintiff] had been selling narcotics" in order "to obtain a search warrant to make an arrest for . . . firearms and extended clips." (*Id.* at 5.) Further, Officer Marino was responsible for a "conspiracy . . . to plant illegal firearms in home." (*Id.* at 4.)

Plaintiff attached to his Complaint a filing he made in his state criminal case where he alleged that officers of the Phillipsburg Police Department were called to his father's home on February 28, 2023 to investigate his father's suicide. (Compl. at *9[1]; *see also id.* at *7 (alleging officers were at home "during the investigation of [Plaintiff's] father's suiside [sic]").) While there, the officers "chose to do an illegal plain view search of the premisses [sic] and [Plaintiff's] personal effects. . . . At this time, Mr. Weaver's personal collection of firearms, ammunition and books were discovered." (*Id.* at *9.) The Court infers from Plaintiff's filing that he was criminally charged in connection with the discovered property, but that "these charges have since all been dismissed." (Compl. at *7.)

With his Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. The application's Affidavit of Poverty indicates Plaintiff is currently incarcerated at Warren County Correctional Center. (IFP at 2.) The Affidavit notes Plaintiff does not have cash, a checking account, or a savings account, and he does not otherwise own any assets or property. (*Id.* at 3.) Plaintiff also attached to his application a certified account statement from Warren County Correctional Center. (*Id.* at *4–8.) The account statement shows that as of the time of filing the Complaint, Plaintiff had $0.28 in his trust account. (*Id.* at *4.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. *IN FORMA PAUPERIS* APPLICATION

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). Prisoners are additionally required to submit "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2).

Plaintiff's certified account statement indicates that he had only 28 cents in his trust account at the time of the filing of the Complaint. (IFP at *4.) The Court finds that this demonstrates that Plaintiff is unable to pay the $405.00 filing fee. Therefore, Plaintiff has pled his

circumstances with sufficient particularity, and the Court **GRANTS** Plaintiff's *in forma pauperis* application.

### B. REVIEW OF COMPLAINT

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Although Federal Rule of Civil Procedure 8's ("Rule 8") requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

To start, Plaintiff does not have standing to contest an allegedly illegal search of his father's home—where Plaintiff has not alleged he lived or even stayed for any period of time. (Compl. at *9); *see Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) (holding a defendant "who is aggrieved by an illegal search and seizure through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights

infringed"). Therefore, the Court finds it unlikely that Plaintiff has standing to pursue the instant action. However, given that the Complaint's allegations are difficult to surmise, the Court addresses additional reasons under Rule 8 for the dismissal of this action below.

While it appears Plaintiff is attempting to state a Fourth Amendment violation against Defendants, the substance of that violation is unclear. Rule 8's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At times the Complaint reads as though Plaintiff is contesting the seizure of his own personal belongings at his father's home (*see* Compl. at *9), while at other times it reads as though Plaintiff is disputing the ownership of the seized items (*see id.* ("[Plaintiff] was charged with his father's arsenal . . .")). Still at other times the Complaint alleges that members of the Phillipsburg Police Department "plant[ed] a firearm" as opposed to the firearm belonging to Plaintiff or his father. (*Id.* at *7.) Accordingly, the Complaint fails to provide Defendants with notice of the basis of Plaintiff's Fourth Amendment claim, warranting dismissal under Rule 8(a). *See Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) ("[D]ismissal is appropriate in cases where the complaint is [so] . . . ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotations omitted)).

**THEREFORE**, it is on this 25th day of February, 2025, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is **GRANTED**;
2. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);
3. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by filing an amended complaint;

4. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case, and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e);

5. The Summons shall not issue prior to the Court conducting a screening of the amended complaint pursuant to 28 U.S.C. § 1915(e);

6. The Clerk's Office is directed to **CLOSE** this matter;

7. Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Warren County Correctional Center;

8. Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the Court's dismissal as a result of its *sua sponte* screening; § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

9. Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

10. Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's

account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and

11. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**